## DONOVAN a. THE MAYOR, &c., OF NEW YORK.

*Supreme Court, First District ; General Term, December,* 1864.

PLEADING.—DEFENCES IN ACTION ON MUNICIPAL CONTRACT.

In an action against the corporation of the city of New York, to recover for work and labor, an answer setting up that there was an appropriation made by law for such work which has been exhausted, is insufficient, unless it appears

clearly from the pleadings and the law referred to, that the work was covered by the appropriation, and not by others contained in the same law.

If it does not appear by the pleadings whether the contract was made by any of the city departments or not, an averment that no appropriation had been made as required by section 28 of the charter of 1857, is insufficient.

It is no defence to an action against a municipal corporation for services actually rendered, upon an employment by one of its agents, ordinarily and apparently having power to employ such services, that an appropriation required by law to be made in advance, had not in fact been made ; or that having been made, it had been otherwise expended.

Appeal from a judgment on a demurrer to an answer.

This action was brought by John Donovan against the Mayor, Aldermen, and Commonalty of the city of New York, to recover for work, labor, and materials. The contents of the pleadings are stated in the opinion of the court.

At special term, judgment was ordered for the plaintiff on his demurrer to the answer of the defendants, and the defendants appealed.

By THE COURT.—BARNARD, J.—The plaintiff has brought an action against the defendants, averring in the ordinary language that in November and December, 1863, he did work and furnished materials to the defendants, and at their request, upon the public roads of the city.

To this complaint the defendants interpose a special defence, as follows :

"*Second.* The defendants for a second, separate, and distinct defence aver, that in and by an act of the Legislature of the State of New York, passed April 24, 1863, which act is published in the Laws of 1863, 407, ch. 227, and to which the defendants hereby refer, there was appropriated the sum of seventy-five thousand dollars to defray the expense of repairing roads and avenues for the year 1863.

"The defendants further answering, aver that at the time the indebtedness mentioned and referred to in the complaint is alleged to have accrued, and at the time of the alleged employment of the plaintiff to perform the work and furnish the materials mentioned in the complaint, the said appropriation was exhausted, and there was and is no money in the city treasury applicable to the payment of the plaintiff's claim.

"The defendants aver that no appropriation covering the expense of the work alleged to have been done has ever been made; and they aver that the necessity for the work has never been certified to by the street commissioner, nor was the work ever authorized by the Common Council."

To this defence the plaintiff has interposed a demurrer, and upon it he had judgment in his favor at special term, and from this judgment the defendants appeal to this court.

A short examination will, I think, show that the demurrer is well taken.

The complainant does not aver what kind of work he did, nor what materials he furnished to the defendants.

It is no answer to his claim for work and materials done and furnished upon the public roads of the city, that there was an appropriation made by State authority of $75,000 for roads and avenues, which was expended. If the plaintiff's claim was for Belgian pavement, or for cleaning streets, or for repaving or repairing streets, the act set forth in the answer appropriates several hundred thousand dollars to these purposes. It is not averred, and it does not appear, that plaintiff's work was such as was covered by the $75,000 appropriation, and not such as was covered by several other appropriations in and by the act set forth.

The complaint does not aver who employed the plaintiff on behalf of defendants.

It is no defence to his claim for his work to aver that no appropriation had been made to cover the expense of the plaintiff's alleged work, according to section 28 of the charter of 1857, because by that section the departments of the city government are thereby forbidden to incur expense before an appropriation.

It does not appear, and is not averred, that any department employed the plaintiff.

The Common Council may have done it by resolution.

The remaining portion of the defence demurred to arises under section 38, of ch. 446, Laws of 1857, which provides for the issue of all contracts over $250 in amount, by sealed bids, received after notice, and that all contracts under that amount should be upon the certificate of the "appropriate department," and that the "expenditure be as authorized by the Common Council."

It does not appear, and is not averred, that the plaintiff's contract was under or over $250, or that the street commissioner was the proper department to certify to its necessity; neither is it averred that the "expenditure" was not as authorized by the Common Council.

There is nothing in the pleading which brings the plaintiff necessarily under these provisions of the charter.

If the answer clearly presented the defence, that the plaintiff was employed by an agent of defendant, ordinarily and apparently having power to do so, and work was done under this employment, it would not bar his recovery that an appropriation required to be made in advance had not in fact been made; or that if it had been made, that it was expended. The city, and not the laborer, would be required to suffer for the improper use of power of the agent of the defendants.

It cannot be that the plaintiff, if legally employed, ceased to be so by the expenditure of the appropriation for the particular work on which he was engaged, without notice from the defendants.

The other judges concurred.

Judgment affirmed, with costs.

---

# BENSON *a.* SUAREZ.

*Supreme Court, Third District; General Term, May,* 1864.

NEW TRIAL.—LANDLORD AND TENANT.—DAMAGE BY FALL OF UNSAFE BUILDING.—CHARGE.

The owner of land with an unsafe building upon it may be held liable for injuries done by the falling of the building to the property of an occupant of adjoining land, notwithstanding the former had leased the premises to another person, reserving rent but covenanting to repair.

*It seems,* that he would be liable without any covenant to repair.*

---

* See Davenport *a.* Ruckman, 16 *Abbotts' Pr.*, 341; Anderson *a.* Dickie, 11 *Bosw.*